1    AMY W. SCHULMAN
     DLA PIPER LLP
2    1251 Avenue of the Americas
     New York, NY 10020
3    Telephone:  (212) 335-4500
     Facsimile:  (212) 335-4501
4    amy.schulman@dlapiper.com

5    STUART M. GORDON (SBN: 037477)
     GORDON & REES LLP
6    Embarcadero Center West
     275 Battery Street, Suite 2000
7    San Francisco, CA 94111
     Telephone:  (415) 986-5900
8    Facsimile:  (415) 986-8054
     sgordon@gordonrees.com
9
     MICHAEL C. ZELLERS (SBN: 146904)
10   TUCKER ELLIS & WEST LLP
     515 South Flower Street, Suite 4200
11   Los Angeles, CA 90071-2223
     Telephone:  (213) 430-3400
12   Facsimile:  (213) 430-3409
     michael.zellers@tuckerellis.com
13
14   Attorneys for Defendants
     PFIZER INC., PHARMACIA CORPORATION, AND
15   G.D. SEARLE LLC

                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA

                       SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE CELEBREX AND BEXTRA MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION | ) MDL Docket No. 1699<br>)<br>) CASE NO. 3:07-cv-6509-CRB |
| *This document relates to* | ) |
| OLLIE STEWART, et al., | ) **PFIZER INC., PHARMACIA**<br>) **CORPORATION, AND G.D.**<br>) **SEARLE, LLC'S ANSWER TO** |
| Plaintiffs, | ) **COMPLAINT** |
| vs. | ) **JURY DEMAND ENDORSED**<br>) **HEREIN** |
| PFIZER, INC., PHARMACIA CORPORATION, and G.D. SEARLE, LLC, | )<br>)<br>) |
| Defendants. | )<br>)<br>) |

*(left margin, vertical text)* Gordon & Rees, LLP  275 Battery Street, Suite 2000  San Francisco, CA 94111

NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC (improperly captioned in Plaintiffs' Complaint as "G.D. Searle, LLC") ("Searle") (collectively "Defendants"), and file this Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.

## PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used Bextra® (valdecoxib) ("Bextra®"). Accordingly, this Answer can only be drafted generally. Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiffs were prescribed and used Bextra®.

## II.

## ANSWER

## Response to Allegations Regarding Parties

1.    Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny that Plaintiffs are entitled to any relief or damages. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    2.      Defendants are without knowledge or information sufficient to form a belief as to the

2    truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

3    Defendants deny the remaining allegations in this paragraph of the Complaint.

4    3.      Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

6    Defendants deny the remaining allegations in this paragraph of the Complaint.

7    4.      Defendants are without knowledge or information sufficient to form a belief as to the

8    truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

9    Defendants deny the remaining allegations in this paragraph of the Complaint.

10   5.      Defendants are without knowledge or information sufficient to form a belief as to the

11   truth of the allegations regarding Plaintiff's age and citizenship, and, therefore, deny the same.

12   Defendants deny the remaining allegations in this paragraph of the Complaint.

13   6.      Defendants admit that Pfizer is a Delaware corporation with its principal place of

14   business in New York.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

15   the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

16   Defendants admit that, during certain periods of time, Pfizer marketed and co-promoted

17   Bextra® in the United States, including California and Mississippi, to be prescribed by

18   healthcare providers who are by law authorized to prescribe drugs in accordance with their

19   approval by the FDA.  Defendants state that Plaintiffs' allegations regarding "predecessors in

20   interest" are vague and ambiguous.  Defendants are without knowledge or information to form

21   a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the

22   remaining allegations in this paragraph of the Complaint.

23   7.      Defendants admit that Searle is a Delaware limited liability company with its principal

24   place of business in Illinois.  Defendants admit that, during certain periods of time, Bextra®

25   was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted

26   and distributed Bextra® in the United States to be prescribed by healthcare providers who are

27   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

28   deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

8.     Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey.  Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted Bextra® in the United States, including California, Michigan, and Illinois, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in this Paragraph of the Complaint.

## Response to Allegations Regarding Jurisdiction and Venue

9.     Defendants are without knowledge or information to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the amount in controversy, and, therefore, deny that the same.  However, Defendants admit that Plaintiffs claim that the amount in controversy exceeds $75,000, exclusive of interests and costs.

10.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding the judicial district in which the asserted claims allegedly arose, and, therefore, deny the same.  Defendants deny committing a tort in the States of California and Mississippi and deny the remaining allegations in this paragraph of the Complaint.

12.     Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States, including California and Michigan, to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

-4-

and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that they provided FDA-approved prescribing information regarding Bextra®. Defendants admit that they do business in the State of California. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

**Response to Allegations Regarding Interdistrict Assignment**

13.     Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac. and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial Panel on Multidistrict Litigation on September 6, 2005.

**Response to Factual Allegations**

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same. Defendants deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

17.     Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

truth of the allegations regarding Plaintiff's medical condition and whether Plaintiff used Bextra® and, therefore, deny the same.  Defendants deny that Bextra® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

18.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' medical condition and whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

19.     Defendants admit that Bextra® was expected to reach consumers without substantial change from the time of sale.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny the remaining allegations this paragraph of the Complaint.

20.     Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny remaining the allegations in this paragraph of the Complaint.

21.     Defendants admit that Bextra® is in a class of drugs that is, at times, referred to as non-steroidal anti-inflammatory drugs ("NSAIDS").  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

22.     The allegations in this paragraph of the Complaint are not directed toward Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

23.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

24.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

25.     The allegations in this paragraph of the Complaint are not directed toward Defendants and, therefore, no response is required.  To the extent a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

26.     Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

27.     Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

28.     Plaintiffs do not allege having used Celebrex® in this Complaint.  Nevertheless, Defendants admit that Celebrex® was launched in the United States in February 1999.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants state that Celebrex® was and is safe and effective when used in accordance with its

2    FDA-approved prescribing information.  Defendants admit that, during certain periods of time,

3    Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be

4    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

5    with their approval by the FDA.  Defendants admit that, during certain periods of time,

6    Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

7    promoted and distributed Celebrex® in the United States to be prescribed by healthcare

8    providers who are by law authorized to prescribe drugs in accordance with their approval by the

9    FDA.  The allegations in this paragraph of the Complaint regarding Merck and Vioxx® are not

10   directed toward Defendants and, therefore, no response is required.  To the extent a response is

11   deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

12   allegations in this paragraph of the Complaint regarding Merck and Vioxx®.  Defendants

13   therefore lack sufficient information or knowledge to form a belief as to the truth of such

14   allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this

15   paragraph of the Complaint.

16   29.    Defendants admit that the New Drug Application for Bextra® was filed with the FDA

17   on January 15, 2001.  Defendants admit, as indicated in the package insert approved by the

18   FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis

19   and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.

20   Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

21   ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

22   such allegations, and, therefore, deny the same.  Defendants deny the remaining allegations in

23   this paragraph of the Complaint.

24   30.    Defendants admit that Bextra® was approved by the FDA on November 16, 2001.

25   Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is

26   indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid

27   arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining

28   allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

31.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

32.    Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

33.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

34.    Defendants state that the referenced article speaks for itself and respectfully refer the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Court to the article for its actual language and text.  Any attempt to characterize the article is

2   denied.  Defendants state that Bextra® was and is safe and effective when used in accordance

3   with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

4   this paragraph of the Complaint.

5   35.     The allegations in this paragraph of the Complaint are not directed towards Defendants

6   and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

7   state that the referenced article speaks for itself and respectfully refer the Court to the article for

8   its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

9   the remaining allegations in this paragraph of the Complaint.

10  36.     Defendants admit that the New Drug Application for Bextra® was filed with the FDA

11  on January 15, 2001.  Defendants admit that Bextra® was approved by the FDA, on November

12  16, 2001.   Defendants deny any wrongful conduct and the remaining allegations in this

13  paragraph of the Complaint.

14  37.     Defendants state that Bextra® was and is safe and effective when used in accordance

15  with its FDA-approved prescribing information.  Defendants state that the potential effects of

16  Bextra® were and are adequately described in its FDA-approved prescribing information,

17  which at all times was adequate and comported with applicable standards of care and law.

18  Defendants deny the allegations in this paragraph of the Complaint.

19  38.     Defendants state that the referenced FDA Talk Paper for Bextra® speaks for itself and

20  respectfully refer the Court to the Talk Paper for its actual language and text.  Any attempt to

21  characterize the Talk Paper is denied.  Defendants deny the remaining allegations in this

22  paragraph of the Complaint.

23  39.     Defendants state that the referenced article speaks for itself and respectfully refer the

24  Court to the article for its actual language and text.  Any attempt to characterize the article is

25  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

26  40.     Plaintiffs fail to provide the proper context for the allegations concerning the "post-drug

27  approval meta-analysis study" in this paragraph of the Complaint.  Defendants are without

28  sufficient information to confirm or deny such allegations and, therefore, deny the same.

1  Defendants state that the referenced study speaks for itself and respectfully refer the Court to

2  the study for its actual language and text.  Any attempt to characterize the study is denied.

3  Defendants deny the remaining allegations in this paragraph of the Complaint.

4  41.    The allegations in this paragraph of the Complaint are not directed towards Defendants

5  and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

6  state that the referenced article speaks for itself and respectfully refer the Court to the article for

7  its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny

8  the remaining allegations in this paragraph of the Complaint.

9  42.    The allegations in this paragraph of the Complaint are not directed towards Defendants

10  and, therefore, no response is necessary.  Should a response be deemed necessary, Defendants

11  admit that a Joint Meeting of the Arthritis Advisory Committee and the Drug Safety and Risk

12  Management Advisory Committee was held on February 16-18, 2005.  Defendants state that the

13  referenced testimony speaks for itself and respectfully refer the Court to the testimony for its

14  actual language and text.  Any attempt to characterize the testimony is denied.  Defendants

15  deny the remaining allegations in this paragraph of the Complaint.

16  43.    Defendants state that Bextra® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

18  deny the remaining allegations in this paragraph of the Complaint.

19  44.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

20  and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

21  and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied.

22  Defendants deny the remaining allegations in this paragraph of the Complaint.

23  45.    Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

24  and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

25  and text.   Any attempt to characterize the Alert for Healthcare Professionals is denied.

26  Defendants deny the remaining allegations in this paragraph of the Complaint.

27  46.    Defendants state that Bextra® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.   Defendants deny the allegations in this

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

paragraph of the Complaint.

47.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

48.    The allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is necessary. Should a response be deemed necessary, Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

49.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the allegations in this paragraph of the Complaint.

50.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining allegations in this paragraph of the Complaint.

51.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

52.    Defendants deny the allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

53.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct and deny the allegations in this paragraph of the Complaint.

54.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny the remaining allegations in this paragraph of the Complaint.

55.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Defendants deny the remaining allegations in this paragraph of the Complaint.

56.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the allegations in this paragraph of the Complaint.

57.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants

1    state that the potential effects of Bextra® were and are adequately described in its FDA-

2    approved prescribing information, which was at all times adequate and comported with

3    applicable standards of care and law.   Defendants deny the remaining allegations in this

4    paragraph of the Complaint.

5    58.    Defendants state that Bextra® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.   Defendants state that the potential effects of

7    Bextra® were and are adequately described in its FDA-approved prescribing information,

8    which at all times was adequate and comported with applicable standards of care and law.

9    Defendants deny the remaining allegations in this paragraph of the Complaint.

10   59.    Defendants state that Bextra® was and is safe and effective when used in accordance

11   with its FDA-approved prescribing information.   Defendants state that the potential effects of

12   Bextra® were and are adequately described in its FDA-approved prescribing information,

13   which was at all times adequate and comported with applicable standards of care and law.

14   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15   the Complaint.

16   60.    Defendants state that Bextra® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.   Defendants state that the potential effects of

18   Bextra® were and are adequately described in its FDA-approved prescribing information,

19   which was at all times adequate and comported with applicable standards of care and law.

20   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21   the Complaint.

22   61.    Defendants deny the allegations in this paragraph of the Complaint.

23   62.    Defendants admit that the sale of Bextra® was voluntarily suspended in the U.S. market

24   as of April 7, 2005.   Defendants deny any wrongful conduct and deny the remaining allegations

25   contained in this paragraph of the Complaint.

26   63.    Defendants state that Bextra® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.   Defendants state that the potential effects of

28   Bextra® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

ANSWER TO COMPLAINT – 3:07-cv-6509-CRB

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

3    allegations in this paragraph of the Complaint.

4    64.    Defendants state that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Bextra® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9    the Complaint.

10   65.    Defendants deny any wrongful conduct and deny the remaining allegations in this

11   paragraph of the Complaint.

12   66.    Defendants state that Bextra® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants state that the potential effects of

14   Bextra® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

17   promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

18   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

19   that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

20   developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

21   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

22   with their approval by the FDA.    Defendants deny any wrongful conduct and deny the

23   remaining allegations in this paragraph of the Complaint.

24   67.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

25   and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

26   by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

27   admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

28   which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

2  accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

3  paragraph of the Complaint.

4  68.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

5  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

6  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

7  admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle,

8  which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to

9  be prescribed by healthcare providers who are by law authorized to prescribe drugs in

10  accordance with their approval by the FDA.  Defendants admit, as indicated in the package

11  insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and

12  symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of

13  primary dysmenorrhea.   Defendants deny any wrongful conduct and deny the remaining

14  allegations in this paragraph of the Complaint.

15  69.    Defendants state that Bextra® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information.  Defendants state that the potential effects of

17  Bextra® were and are adequately described in its FDA-approved prescribing information,

18  which was at all times adequate and comported with applicable standards of care and law.

19  Defendants are without knowledge or information sufficient to form a belief as to the truth of

20  the allegations regarding and whether Plaintiffs used Bextra® and, therefore, deny the same.

21  Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

22  ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

23  such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

24  that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the

25  remaining allegations in this paragraph of the Complaint.

26  **Response to First Cause of Action: Negligence**

27  70.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

28  Complaint as if fully set forth herein.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

71.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

72.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

73.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

74.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants are without knowledge or information sufficient to form a belief as to the truth of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

75.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

76.    Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

77.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

78.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage and deny the remaining allegations in this paragraph of the Complaint.

79.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Second Cause of Action: Strict Liability**

80.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

81.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants admit that Bextra® was expected to reach consumers without substantial change in the condition from the time of sale.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

1  with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra®

2  was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted

3  and distributed Bextra® in the United States to be prescribed by healthcare providers who are

4  by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

5  state that Bextra® was and is safe and effective when used in accordance with its FDA-

6  approved prescribing information.  Defendants state that the potential effects of Bextra® were

7  and are adequately described in its FDA-approved prescribing information, which was at all

8  times adequate and comported with applicable standards of care and law.  Defendants deny the

9  remaining allegations in this paragraph of the Complaint.

10  82.    Defendants state that Bextra® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendants state that the potential effects of

12  Bextra® were and are adequately described in its FDA-approved prescribing information,

13  which was at all times adequate and comported with applicable standards of care and law.

14  Defendants deny the allegations in this paragraph of the Complaint.

15  83.    Defendants state that Bextra® was and is safe and effective when used in accordance

16  with its FDA-approved prescribing information.  Defendants state that the potential effects of

17  Bextra® were and are adequately described in its FDA-approved prescribing information,

18  which was at all times adequate and comported with applicable standards of care and law.

19  Defendants deny that Bextra® is defective or unreasonably dangerous, and deny the remaining

20  allegations in this paragraph of the Complaint.

21  84.    Defendants state that this paragraph of the Complaint contains legal contentions to

22  which no response is required.  To the extent a response is deemed required, Defendants state

23  that Bextra® was and is safe and effective when used in accordance with its FDA-approved

24  prescribing information.  Defendants state that the potential effects of Bextra® were and are

25  adequately described in its FDA-approved prescribing information, which was at all times

26  adequate and comported with applicable standards of care and law.  Defendants deny that

27  Bextra® is unreasonably dangerous, and deny the remaining allegations in this paragraph of the

28  Complaint, including all subparts.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    85.    Defendants state that this paragraph of the Complaint contains legal contentions to

2    which no response is required.  To the extent a response is deemed required, Defendants state

3    that Bextra® was and is safe and effective when used in accordance with its FDA-approved

4    prescribing information.  Defendants state that the potential effects of Bextra® were and are

5    adequately described in its FDA-approved prescribing information, which was at all times

6    adequate and comported with applicable standards of care and law.  Defendants deny any

7    wrongful conduct, deny that Bextra® is unreasonably dangerous, and deny the remaining

8    allegations in this paragraph of the Complaint.

9    86.    Defendants state that Bextra® was and is safe and effective when used in accordance

10    with its FDA-approved prescribing information.  Defendants state that the potential effects of

11    Bextra® were and are adequately described in its FDA-approved prescribing information,

12    which was at all times adequate and comported with applicable standards of care and law.

13    Defendants deny any wrongful conduct, deny that Bextra® is defective, deny that Bextra®

14    caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the

15    Complaint.

16    87.    Defendants state that Bextra® was and is safe and effective when used in accordance

17    with its FDA-approved prescribing information.  Defendants state that the potential effects of

18    Bextra® were and are adequately described in its FDA-approved prescribing information,

19    which was at all times adequate and comported with applicable standards of care and law.

20    Defendants deny any wrongful conduct, deny that Bextra® is defective, and deny the remaining

21    allegations in this paragraph of the Complaint.

22    88.    Defendants are without knowledge or information sufficient to form a belief as to the

23    truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

24    same.  Defendants state that Bextra® was and is safe and effective when used in accordance

25    with its FDA-approved prescribing information.  Defendants state that the potential effects of

26    Bextra® were and are adequately described in its FDA-approved prescribing information,

27    which was at all times adequate and comported with applicable standards of care and law.

28    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  promoted Bextra® in the United States to be prescribed by healthcare providers who are by law

2  authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

3  that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which

4  developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be

5  prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

6  with their approval by the FDA.  Defendants deny any wrongful conduct, deny that Bextra® is

7  defective, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining

8  allegations in this paragraph of the Complaint.

9  89.    Defendants state that Bextra® was and is safe and effective when used in accordance

10  with its FDA-approved prescribing information.  Defendants state that the potential effects of

11  Bextra® were and are adequately described in its FDA-approved prescribing information,

12  which was at all times adequate and comported with applicable standards of care and law.

13  Defendants deny the remaining allegations in this paragraph of the Complaint.

14  90.    Defendants are without knowledge or information sufficient to form a belief as to the

15  truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

16  same.  Defendants state that Bextra® was and is safe and effective when used in accordance

17  with its FDA-approved prescribing information.  Defendants state that the potential effects of

18  Bextra® were and are adequately described in its FDA-approved prescribing information,

19  which was at all times adequate and comported with applicable standards of care and law.

20  Defendants deny the remaining allegations in this paragraph of the Complaint.

21  91.    Defendants state that Bextra® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

23  deny the remaining allegations in this paragraph of the Complaint.

24  92.    Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

26  same.  Defendants state that Bextra® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendants state that the potential effects of

28  Bextra® were and are adequately described in its FDA-approved prescribing information,

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny that Bextra® is defective and deny the remaining allegations in this paragraph

3    of the Complaint.

4    93.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

5    damage, and deny the remaining allegations in this paragraph of the Complaint.

6    94.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

7    damage, and deny the remaining allegations in this paragraph of the Complaint.

8    95.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

9    damage, and deny the remaining allegations in this paragraph of the Complaint.

10                **Response to Third Cause of Action: Breach of Express Warranty**

11    96.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

12    Complaint as if fully set forth herein.

13    97.    Defendants are without knowledge or information sufficient to form a belief as to the

14    truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

15    same.  Defendants state that Bextra® was and is safe and effective when used in accordance

16    with its FDA-approved prescribing information.  Defendants state that the potential effects of

17    Bextra® were and are adequately described in its FDA-approved prescribing information,

18    which was at all times adequate and comported with applicable standards of care and law.

19    Defendants admit that they provided FDA-approved prescribing information regarding

20    Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

21    98.    Defendants are without knowledge or information sufficient to form a belief as to the

22    truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

23    same.  Defendants state that Bextra® was and is safe and effective when used in accordance

24    with its FDA-approved prescribing information.  Defendants state that the potential effects of

25    Bextra® were and are adequately described in its FDA-approved prescribing information,

26    which was at all times adequate and comported with applicable standards of care and law.

27    Defendants admit that they provided FDA-approved prescribing information regarding

28    Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    including all subparts.

2    99.    Defendants deny the allegations in this paragraph of the Complaint.

3    100.    Defendants state that Bextra® was and is safe and effective when used in accordance

4    with its FDA-approved prescribing information.  Defendants state that the potential effects of

5    Bextra® were and are adequately described in its FDA-approved prescribing information,

6    which was at all times adequate and comported with applicable standards of care and law.

7    Defendants admit that they provided FDA-approved prescribing information regarding

8    Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

9    101.    Defendants state that Bextra® was and is safe and effective when used in accordance

10   with its FDA-approved prescribing information.  Defendants state that the potential effects of

11   Bextra® were and are adequately described in its FDA-approved prescribing information,

12   which was at all times adequate and comported with applicable standards of care and law.

13   Defendants admit that they provided FDA-approved prescribing information regarding

14   Bextra®.  Defendants deny any wrongful conduct the remaining allegations in this paragraph of

15   the Complaint.

16   102.    Defendants are without knowledge or information sufficient to form a belief as to the

17   truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

18   same.  Defendants admit that they provided FDA-approved prescribing information regarding

19   Bextra®.  Defendants deny the remaining allegations in this paragraph of the Complaint.

20   103.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

21   damage, and deny the remaining allegations in this paragraph of the Complaint.

22   104.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

23   damage, and deny the remaining allegations in this paragraph of the Complaint.

24   105.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

25   damage, and deny the remaining allegations in this paragraph of the Complaint.

26             **Response to Fourth Cause of Action: Breach of Implied Warranty**

27   106.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

28   Complaint as if fully set forth herein.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

107.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

108.    Defendants admit that they provided FDA-approved prescribing information regarding Bextra®.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

109.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Defendants deny the remaining allegations in this paragraph of the Complaint.

110.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

111.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    same.  Defendants state that Bextra® was expected to reach consumers without substantial

2    change in the condition from the time of sale.  Defendants deny the remaining allegations in

3    this paragraph of the Complaint.

4    112.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

6    same.  Defendants state that Bextra® was and is safe and effective when used in accordance

7    with its FDA-approved prescribing information.  Defendants deny any wrongful conduct and

8    deny the remaining allegations in this paragraph of the Complaint.

9    113.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

10    damage, and deny the remaining allegations in this paragraph of the Complaint.

11    114.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

12    damage, and deny the remaining allegations in this paragraph of the Complaint.

13    115.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

14    damage, and deny the remaining allegations in this paragraph of the Complaint.

15    **Response to Fifth Cause of Action: Fraudulent Misrepresentation & Concealment**

16    116.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

17    Complaint as if fully set forth herein.

18    117.    Defendants state that this paragraph of the Complaint contains legal contentions to

19    which no response is required.  To the extent a response is deemed required, Defendants admit

20    that they had duties as are imposed by law but deny having breached such duties.  Defendants

21    state that Bextra® was and is safe and effective when used in accordance with its FDA-

22    approved prescribing information.  Defendants state that the potential effects of Bextra® were

23    and are adequately described in its FDA-approved prescribing information, which was at all

24    times adequate and comported with applicable standards of care and law.  Defendants deny the

25    remaining allegations in this paragraph of the Complaint.

26    118.    Defendants state that Bextra® was and is safe and effective when used in accordance

27    with its FDA-approved prescribing information.  Defendants state that the potential effects of

28    Bextra® were and are adequately described in its FDA-approved prescribing information,

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3    the Complaint, including all subparts.

4    119.    Defendants state that Bextra® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants state that the potential effects of

6    Bextra® were and are adequately described in its FDA-approved prescribing information,

7    which was at all times adequate and comported with applicable standards of care and law.

8    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9    the Complaint.

10    120.    Defendants state that Bextra® was and is safe and effective when used in accordance

11    with its FDA-approved prescribing information.  Defendants state that the potential effects of

12    Bextra® were and are adequately described in its FDA-approved prescribing information,

13    which was at all times adequate and comported with applicable standards of care and law.

14    Defendants deny any wrongful conduct, deny that Bextra® is defective or unreasonably

15    dangerous, and deny the remaining allegations in this paragraph of the Complaint.

16    121.    Defendants state that Bextra® was and is safe and effective when used in accordance

17    with its FDA-approved prescribing information.  Defendants state that the potential effects of

18    Bextra® were and are adequately described in its FDA-approved prescribing information,

19    which was at all times adequate and comported with applicable standards of care and law.

20    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

21    the Complaint.

22    122.    Defendants deny any wrongful conduct and deny the remaining allegations in this

23    paragraph of the Complaint.

24    123.    Defendants are without knowledge or information sufficient to form a belief as to the

25    truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

26    same.   Defendants deny any wrongful conduct and deny the remaining allegations in this

27    paragraph of the Complaint.

28    124.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

2  same. Defendants deny any wrongful conduct and deny the remaining allegations in this

3  paragraph of the Complaint.

4  125.    Defendants are without knowledge or information sufficient to form a belief as to the

5  truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

6  same. Defendants deny any wrongful conduct and deny the remaining allegations in this

7  paragraph of the Complaint.

8  126.    Defendants deny any wrongful conduct and deny the remaining allegations in this

9  paragraph of the Complaint.

10  127.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the

12  same. Defendants state that Bextra® was and is safe and effective when used in accordance

13  with its FDA-approved prescribing information. Defendants state that the potential effects of

14  Bextra® were and are adequately described in its FDA-approved prescribing information,

15  which was at all times adequate and comported with applicable standards of care and law.

16  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

17  the Complaint.

18  128.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

19  damage, and deny the remaining allegations in this paragraph of the Complaint.

20  129.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

21  damage, and deny the remaining allegations in this paragraph of the Complaint.

22  130.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

23  damage, and deny the remaining allegations in this paragraph of the Complaint.

24  **Response to Sixth Cause of Action: Unjust Enrichment**

25  131.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

26  Complaint as if fully set forth herein.

27  132.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

28  and co-promoted Bextra® in the United States to be prescribed by healthcare providers who are

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Bextra® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Bextra® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

133.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

134.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

135.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants deny the remaining allegations in this paragraph of the Complaint.

136.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiffs used Bextra® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

137.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

## Response to Prayer for Relief

Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief," Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

138.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    damage, and deny the remaining allegations in this paragraph of the Complaint.

2    139.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

3    damage, and deny the remaining allegations in this paragraph of the Complaint.

4    140.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

5    damage, and deny the remaining allegations in this paragraph of the Complaint.

6    141.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

7    damage, and deny the remaining allegations in this paragraph of the Complaint.

8    142.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

9    damage, and deny the remaining allegations in this paragraph of the Complaint.

10   143.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

11   damage, and deny the remaining allegations in this paragraph of the Complaint.

12   144.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

13   damage, and deny the remaining allegations in this paragraph of the Complaint.

14   145.    Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or

15   damage, and deny the remaining allegations in this paragraph of the Complaint.

### III.

### GENERAL DENIAL

18       Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

19   Complaint that have not been previously admitted, denied, or explained.

### IV.

### AFFIRMATIVE DEFENSES

22       Defendants reserve the right to rely upon any of the following or additional defenses to

23   claims asserted by Plaintiffs to the extent that such defenses are supported by information

24   developed through discovery or evidence at trial.  Defendants affirmatively show that:

### First Defense

26   1.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

28   2.    Bextra® is a prescription medical product.  The federal government has preempted the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® was at all times in compliance with applicable federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.    Plaintiffs' action is barred by the statute of repose.

### Seventh Defense

7.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the negligence or fault of the Plaintiffs and Plaintiffs' damages, if any, are barred or reduced by the doctrines of comparative fault and contributory negligence and by the failure to mitigate damages.

### Eighth Defense

8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

**Ninth Defense**

2

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent,

3

intervening causes for which Defendants cannot be liable.

4

**Tenth Defense**

5

10.    Any injuries or expenses incurred by Plaintiffs were not caused by Bextra®, but were

6

proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

7

of God.

8

**Eleventh Defense**

9

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs.

10

**Twelfth Defense**

11

12.    A manufacturer has no duty to warn patients or the general public of any risk,

12

contraindication, or adverse effect associated with the use of a prescription medical product.

13

Rather, the law requires that all such warnings and appropriate information be given to the

14

prescribing physician and the medical profession, which act as a "learned intermediary" in

15

determining the use of the product.  Bextra® is a prescription medical product, available only

16

on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiffs'

17

treating and prescribing physicians.

18

**Thirteenth Defense**

19

13.    The product at issue was not in a defective condition or unreasonably dangerous at the

20

time it left the control of the manufacturer or seller.

21

**Fourteenth Defense**

22

14.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit

23

for its intended use and the warnings and instructions accompanying Bextra® at the time of the

24

occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

25

**Fifteenth Defense**

26

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the

27

Bextra® allegedly ingested by Plaintiffs was prepared in accordance with the applicable

28

standard of care.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

**Sixteenth Defense**

16.    If Plaintiffs sustained any injuries or incurred any losses or damages as alleged in the Complaint, the same were caused by the unforeseeable alteration, change, improper handling, abnormal use, or other unforeseeable misuse of Bextra® by persons other than Defendants or persons acting on its behalf after the product left the control of Defendants.

**Seventeenth Defense**

17.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

**Nineteenth Defense**

19.    Plaintiffs knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

**Twenty-third Defense**

23.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

2   issue under applicable federal laws, regulations, and rules.

3                              **Twenty-fourth Defense**

4   24.    Plaintiffs' claims are barred in whole or in part because there is no private right of

5   action concerning matters regulated by the Food and Drug Administration under applicable

6   federal laws, regulations, and rules.

7                              **Twenty-fifth Defense**

8   25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

9   "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

10   of Comment j to Section 402A of the Restatement (Second) of Torts.

11                             **Twenty-sixth Defense**

12   26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

13   because Bextra® is a prescription pharmaceutical drug and falls within the ambit of

14   Restatement (Second) of Torts § 402A, Comment k.

15                            **Twenty-seventh Defense**

16   27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

17   product at issue "provides net benefits for a class of patients" within the meaning of Comment f

18   to § 6 of the Restatement (Third) of Torts: Products Liability.

19                             **Twenty-eighth Defense**

20   28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

21   Products Liability.

22                             **Twenty-ninth Defense**

23   29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead

24   facts sufficient under the law to justify an award of punitive damages.

25                              **Thirtieth Defense**

26   30.    The imposition of punitive damages in this case would violate Defendants' rights to

27   procedural due process under the Fourteenth Amendment of the United States Constitution and

28   the Constitution of the States of California and Mississippi, and would additionally violate

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Defendants' right to substantive due process under the Fourteenth Amendment of the United
2  States Constitution.

3  **Thirty-first Defense**

4  31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and
5  Fourteenth Amendments to the United States Constitution.

6  **Thirty-second Defense**

7  32.    The imposition of punitive damages in this case would violate the First Amendment to
8  the United States Constitution.

9  **Thirty-third Defense**

10  33.    Plaintiffs' punitive damage claims are preempted by federal law.

11  **Thirty-fourth Defense**

12  34.    In the event that reliance was placed upon Defendants' nonconformance to an express
13  representation, this action is barred as there was no reliance upon representations, if any, of
14  Defendants.

15  **Thirty-fifth Defense**

16  35.    Plaintiffs    failed    to    provide    Defendants    with    timely    notice    of    any    alleged
17  nonconformance to any express representation.

18  **Thirty-sixth Defense**

19  36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without
20  proof of causation, the claims violate Defendants' rights under the United States Constitution.

21  **Thirty-seventh Defense**

22  37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and
23  labeling with respect to the subject pharmaceutical products were not false or misleading and,
24  therefore, constitute protected commercial speech under the applicable provisions of the United
25  States Constitution.

26  **Thirty-eighth Defense**

27  38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly
28  caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitution of the States of California and Mississippi.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

1

**Fortieth Defense**

2

40.    The claims asserted in the Complaint are barred because Bextra® was designed, tested,

3    manufactured and labeled in accordance with the state-of-the-art industry standards existing at

4    the time of the sale.

5

**Forty-first Defense**

6

41.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon

7    information and belief, such injuries and losses were caused by the actions of persons not

8    having real or apparent authority to take said actions on behalf of Defendants and over whom

9    Defendants had no control and for whom Defendants may not be held accountable.

10

**Forty-second Defense**

11

42.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

12    was not unreasonably dangerous or defective, was suitable for the purpose for which it was

13    intended, and was distributed with adequate and sufficient warnings.

14

**Forty-third Defense**

15

43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

16    waiver, and/or estoppel.

17

**Forty-fourth Defense**

18

44.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the

19    pre-existing and/or unrelated medical, genetic and/or environmental conditions, diseases or

20    illnesses, subsequent medical conditions or natural courses of conditions of Plaintiffs, and were

21    independent of or far removed from Defendants' conduct.

22

**Forty-fifth Defense**

23

45.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®

24    did not proximately cause injuries or damages to Plaintiffs.

25

**Forty-sixth Defense**

26

46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs

27    did not incur any ascertainable loss as a result of Defendants' conduct.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Forty-seventh Defense**

47.     The claims asserted in the Complaint are barred, in whole or in part, because the manufacturing, labeling, packaging, and any advertising of the product complied with the applicable codes, standards and regulations established, adopted, promulgated or approved by any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

**Forty-eighth Defense**

48.     The claims must be dismissed because Plaintiffs would have taken Bextra® even if the product labeling contained the information that Plaintiffs contend should have been provided.

**Forty-ninth Defense**

49.     The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

**Fiftieth Defense**

50.     Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

**Fifty-first Defense**

51.     Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.   Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

**Fifty-second Defense**

52.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

**Fifty-third Defense**

53.     The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

1   ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiffs'

2   claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

3   FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

4   and with the specific determinations by FDA specifying the language that should be used in the

5   labeling accompanying Bextra®.    Accordingly, Plaintiffs' claims are preempted by the

6   Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

7   United States.

8   **Fifty-fourth Defense**

9   54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity

10  required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

11  **Fifty-fifth Defense**

12  55.    Defendants state on information and belief that the Complaint and each purported cause

13  of action contained therein is barred by the statutes of limitations contained in California Code

14  of Civil Procedure §§ 335.1 and 338 and former § 340(3), such other statutes of limitation as

15  may apply.

16  **Fifty-sixth Defense**

17  56.    Defendants state on information and belief that any injuries, losses, or damages suffered

18  by Plaintiffs were proximately caused, in whole or in part, by the negligence or other actionable

19  conduct of persons or entities other than Defendants.    Therefore, Plaintiffs' recovery against

20  Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

21  **Fifty-seventh Defense**

22  57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of

23  Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil

24  Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive

25  damages is also barred under California Civil Code § 3294(b).

26  **Fifty-eighth Defense**

27  58.    To the extent that Plaintiffs rely upon any theory of breach of warranty, Plaintiffs'

28  claims are barred because Defendants did not make or breach any express or implied

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

warranties, Plaintiffs failed to give reasonable notice to Defendants of any alleged breach or breaches of warranty as required by Miss. Code Ann § 75-2-607(3)(a).

### Fifty-ninth Defense

59.    Any verdict or judgment rendered against Defendants must be reduced under the laws of the State of Mississippi by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiffs, such as insurance, social security, worker's compensation, or employee benefits programs.  Plaintiffs may have settled their claims for alleged injuries and damages with certain parties.  Defendants therefore are, in any event, entitled to a credit in the amount of any such settlement heretofore made between Plaintiffs and any such parties.

### Sixtieth Defense

60.    Plaintiffs' claims for punitive damages are limited or barred by the standards governing exemplary damage awards which arise under the United States Constitution and decisions of the United States Supreme Court such as *BMW of North America v. Gore*, 116 U.S. 1589 (1996); *Cooper* Industries*, Inc., v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (U.S. 2003), or the Mississippi Constitution, statutes, and decisions of Mississippi courts.

### Sixty-first Defense

61.    Defendants assert that Plaintiffs' claim for punitive damages is governed and limited by Miss. Code Ann. § 11-1-65, and Defendants hereby plead and invoke the provisions of the same.

### Sixty-second Defense

62.    Bextra® and the Defendants' actions conformed to the state of the art medical and scientific knowledge at all times relevant to this lawsuit and Bextra® complied with applicable product safety statutes and regulations as described in Restatement (Third) of Torts: Products Liability § 4.

### Sixty-third Defense

63.    Defendants satisfied their duty to warn under the learned intermediary doctrine and Plaintiffs' claims are therefore barred.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Sixty-fourth Defense

64.    Defendants hereby plead all defenses contained in Miss. Code Ann. § 11-1-63 and hereby invoke the provisions of Miss. Code Ann. § 85-5-7.

### Sixty-fifth Defense

65.    Plaintiffs failed to join all indispensable parties; as a result of such failure to join, complete relief cannot be accorded to those already parties to the action and will result in prejudice to Defendants in any possible future litigation.

### Sixty-sixth Defense

66.    Any judicially-created definitions of manufacturing defect and design defect, and standards for determining whether there has been an actionable failure to warn, are unconstitutional in that, among other things, they are void for vagueness and undue burden on interstate commerce, as well as an impermissible effort to regulate in an area that previously has been preempted by the federal government.

### Sixty-seventh Defense

67.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious, and, therefore, any award of punitive damages is barred.

### Sixty-eighth Defense

68.    Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to bring such claims.

### Sixty-ninth Defense

69.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

### V.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater than an amount which equals their proportionate share, if any, of the total fault or other liability which proximately caused Plaintiffs' injuries and damages; and

6.    That Defendants have such other and further relief as the Court deems appropriate.

February 13, 2008                          GORDON & REES LLP


                                          By: :_____/s/_____
                                              Stuart M. Gordon
                                              sgordon@gordonrees.com
                                              Embarcadero Center West
                                              275 Battery Street, 20th Floor
                                              San Francisco, CA 94111
                                              Telephone:  (415) 986-5900
                                              Fax:  (415) 986-8054


February 13, 2008                          TUCKER ELLIS & WEST LLP
                                          .

                                          By: :_____/s/_____
                                              Michael C. Zellers
                                              michael.zellers@tuckerellis.com
                                              515 South Flower Street, Suite 4200
                                              Los Angeles, CA  90071-2223
                                              Telephone:  (213) 430-3400
                                              Fax:  (213) 430-3409

                                              Attorneys for Defendants
                                              PFIZER INC., PHARMACIA
                                              CORPORATION, AND G.D. SEARLE
                                              LLC

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

## JURY DEMAND

2      Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC, hereby demand a

3  trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4  Procedure.

5  February 13, 2008                    GORDON & REES LLP

6

7                                       By: :_____/s/_____

8                                          Stuart M. Gordon
                                           sgordon@gordonrees.com
9                                          Embarcadero Center West
                                           275 Battery Street, 20th Floor
10                                         San Francisco, CA  94111
                                           Telephone:  (415) 986-5900
11                                         Fax:  (415) 986-8054

12  February 13, 2008                    TUCKER ELLIS & WEST LLP

13

14                                      By: :_____/s/_____

15                                         Michael C. Zellers
                                           michael.zellers@tuckerellis.com
16                                         515 South Flower Street, Suite 4200
                                           Los Angeles, CA 90071-2223
17                                         Telephone:  (213) 430-3400
                                           Fax:  (213) 430-3409

18                                         Attorneys for Defendants
19                                         PFIZER INC., PHARMACIA
                                           CORPORATION, AND G.D. SEARLE
20                                         LLC

21

22

23

24

25

26

27

28

*Gordon & Rees, LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*